erty purchased for the principal by the factor with the proceeds; he may follow it, either into the hands of the factor, or of his legal representatives, or of his assigns if he should become insolvent or a bankrupt. The factor is a trustee for the principal, so long as he retains the property, or its representative in his hands; and his assignees, or legal representatives take it, subject to the same trust, which they cannot defeat by turning it into money; unless indeed, they should pay it away in their representative character, before notice of the claim. It is in this point of view only, that notice is necessary. Judgment for plaintiffs.

## Case No. 16,909.

VEITCH et al. v. BASYE et al.

[2 Cranch, C. C. 6.] [1]

Circuit Court, District of Columbia. July Term, 1810.

PROMISSORY NOTES—INDORSEMENT AND TRANSFER—BURDEN OF PROOF.

The indorsement by the plaintiffs, and delivery of the note to a third person so indorsed, is prima facie evidence that it was transferred for value received, and throws the burden of proof on the plaintiffs to show that it has been retransferred, or was indorsed for collection, or that they had repaid the money.

Debt by payee against the maker of a promissory note. Veitch & Company had indorsed it specially to Robert Cooper & Company, which indorsement is erased, leaving the name of Veitch & Company. There was no evidence that the note had ever been in the possession of Cooper & Company, nor that Veitch & Company had paid Cooper & Company the amount, nor that it had been retransferred. Gorgerat v. McCarty, 2 Dall. [2 U. S.] 144.

Mr. Swann, for plaintiffs, offered evidence that it was indorsed to Cooper & Company for collection, and not for value received.

THE COURT (THRUSTON, Circuit Judge, absent) instructed the jury that if they should be satisfied, by the evidence, that the note with the indorsement was delivered to Cooper & Company, the indorsement was prima facie evidence that it was transferred to Cooper & Company for value received, and throw the burden of proof upon the plaintiffs, to show that it was either put into the hands of Cooper & Company for collection, or was retransferred, or that Veitch & Company had repaid to Cooper & Company the value received.

## Case No. 16,910.

VEITCH et al. v. FARMERS' BANK.

[3 Cranch. C. C. 81.] [1]

Circuit Court, District of Columbia. April Term, 1827.

DECREES IN EQUITY—REVIVOR.

A decree in a chancery attachment, after the expiration of the year and day, must be revived by scire facias before execution can be had.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Scire facias to revive a decree against the garnishee in a chancery attachment. General demurrer.

Mr. Hewitt. in support of the scire facias, cited the Virginia act of 10 December, 1793. p. 306, § 53; 3 Tuck. Bl. Comm. 414, note 2; and 1 Har. Ch. Prac. 669.

Judgment for the plaintiffs on the demurrer.

VEITCH (PEYTON v.). See Case No. 11,-057.

VEITCH (UNITED STATES v.). See Cases Nos 16,613, 16,614.

## Case No. 16,910a.

The VELASCO.

[Blatchf. Pr. Cas. 54.] [1]

District Court, S. D. New York. Oct., 1861.

PRIZE—ENEMY PROPERTY—COSTS—ADVANCES BY MASTER—WAGES OF CREW.

1. Vessel condemned as enemy property. Her cargo, being neutral property, on transportation in a lawful trade, released; without cost to the captors, there having been no probable cause for its arrest.

2. Whether the captors, as distinguished from the United States, can have an award of costs in a prize suit, quere.

3. A claim of the master to be reimbursed his advances for repairs and necessary supplies for the vessel reject-d.

4. A claim of the crew for their wages rejected on the ground that the vessel was enemy property.

In admiralty.

BETTS, District Judge. This vessel was captured at sea, off Cape Hatteras, by the United States vessel of war Albatross, July 18, 1861. and sent into this port, with the cargo on board, both as prize of war. The cargo was merchandise purchased for and shipped at Matanzas to merchants of New York, as their property, and the United States attorney, on the trial, abandoned all claim against the cargo. including costs to the United States in this suit, on its capture. Mr. Upton, of counsel for the individual captors and libellants, insists that costs should be imposed on the cargo, there being valid cause for the capture of the vessel, and reasonable cause for the arrest of the cargo. No formal claim was filed in court in behalf of the owners of the cargo. The master of the vessel filed a claim in his own behalf and for his principals. the owners of the vessel, denying the lawfulness of her arrest, and averring that she is not the property of enemies of the United States, but is owned by citizens thereof, and averring that she is not liable to condemnation as prize of war. He also sets up a claim to be reimbursed for advances made by him, as master of the vessel, for her repairs and nec-cessities whilst under his command, to the amount of $184.75. Daniel M. Stebbins filed

[1] [Reported by Samuel Blatchford, Esq.]